UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV753 HEA |
| | ) | |
| BRYAN BOESING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Ronald Williams (registration no. 1133426), an inmate at Northeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $28.48. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $142.42, and an average monthly balance of $73.14. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $28.48, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are Bryan Boesing (Sergeant, Farmington Correctional Center ("FCC")), Joni Light (Functional Unit Manager, FCC), Larry Cornell (same), Kenneth Hovis (Correctional Caseworker, FCC), Lisa Jones (Head, Constituent Office, Department of Corrections), John Doe (Assistant Superintendent, FCC), Missouri Department of Corrections, Unknown Newberry (Correctional Officer, FCC), Patricia Cornell (Deputy Director, Department of Corrections), Robert Wallace (Functional Unit Manager, FCC), Allen Luebbers (Superintendent, FCC), and Larry Crawford (Director of Adult Institutions). The complaint seeks monetary, injunctive, and declaratory relief.

At all times relevant to the complaint, plaintiff was incarcerated at FCC. Plaintiff alleges that on July 9, 2007, defendant Newberry, a female, conducted an unnecessarily intrusive search of his person during which she inappropriately touched his genitals. Plaintiff claims that he complained about the search to defendant Boesing, who witnessed it. Plaintiff says that he told Boesing he was going to file a grievance and that Boesing issued him a false conduct violation in retaliation for plaintiff's intended use of the grievance system.

Plaintiff states that defendants Wallace and Hovis were involved in the grievance process. Plaintiff alleges that he reported Newberry's conduct to defendants Cornell, Light, Wallace, Luebbers, and Doe and that they failed to report the alleged abuse as required by Missouri law. Plaintiff claims, in a conclusory manner, that defendant Crawford failed to adequately supervise his staff.

**Discussion**

The allegations against defendants Newberry and Boesing survive initial review under 28 U.S.C. § 1915(e). As a result, the Court will order these defendants to respond to the complaint.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not

cognizable under § 1983 where plaintiff fails to allege that defendant was personally involved in or directly responsible for the incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiff has not set forth any facts indicating that defendants Joni Light, Larry Cornell, Kenneth Hovis, Lisa Jones, John Doe, Patricia Cornell, Robert Wallace, Allen Luebbers, or Larry Crawford were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these defendants.

Furthermore, plaintiff's allegation that defendants Cornell, Light, Wallace, Luebbers, and Doe failed to comply with Missouri law does not state a claim under § 1983. See Bagley v. Rogerson, 5 F.3d 325 (8th Cir. 1993) (allegation of state law violation, statutory or decisional, does not, in itself, state claim under federal Constitution or § 1983).

Additionally, plaintiff's claim that Crawford failed to adequately train his staff is conclusory and fails to state enough facts to state a plausible claim for relief.

Finally, the complaint fails to state a claim against the Missouri Department of Corrections because an agency exercising state power is not a "person" subject to a suit

under § 1983. E.g., Barket, Levy & Fine, Inc. V. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $28.48 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Bryan Boesing and Unknown Newberry.[1]

---

[1] Defendants are alleged to be employees at the Farmington Correctional Center.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Boesing and Newberry shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Joni Light, Larry Cornell, Kenneth Hovis, Lisa Jones, John Doe, Missouri Department of Corrections, Patricia Cornell, Robert Wallace, Allen Luebbers, or Larry Crawford because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 14th day of July, 2009.

                                        HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE