# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RONALD WILLIAMS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:09CV753 HEA |
| BRYAN BOESING, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Bryan Boesing and Lori Newberry's Motion for Partial Dismissal, [Doc. No. 10]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted in part and denied in part.

## Background

Plaintiff brought this action under 42 U.S.C. § 1983, alleging violation of Plaintiff's Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff's Complaint also included state law claims of negligence and battery, and violations of state criminal law. The complaint seeks monetary, injunctive, and declaratory relief. Plaintiff alleges that Defendant Newberry conducted a improper pat search of Plaintiff and that Defendant Boesing failed to allow him to report the improper pat search and placed Plaintiff in administrative segregation after Plaintiff stated that he wished to file a grievance regarding the search.

Defendants now move to dismiss certain of Plaintiff's claims for failure to state a cause of action.

## **Discussion**

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court does not, however, accept as true any allegation that is a legal conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009). The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed.R.Civ.P. 8(a)(2)) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). While detailed factual allegations are not necessary, a complaint that contains "labels and conclusions," and "a formulaic recitation of the elements of a cause of action" is not sufficient. *Twombly*, 550 U.S. at 555; accord *Iqbal*, 129 S.Ct. at 1949. The complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1949; *Braden v. Wal-Mart*

*Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. See *Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Although pro se complaints, "however inartfully pleaded," are to be held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a district court should not assume the role of advocate for the pro se litigant," nor may a district court "rewrite a [complaint] to include claims that were never presented," *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir.1999) (quotations omitted), cited with approval in *Palmer v. Clarke*, 408 F.3d 423, 444 n. 15 (8th Cir.2005).

Defendants initially move to dismiss the claim against Defendant Boesing in his

official capacity. Plaintiff concedes this motion. The motion to dismiss the claim against Defendant Boesing in his official capacity will therefore be granted.

Defendants also move to dismiss on their interpretation of Plaintiff's Fourth and Fourteenth Amendments claims. Defendants argue that Plaintiff's Complaint fails to state a cause of action because prison officials do not need a "particularized suspicion" for random pat searches of prisoners. They also argue that cross-gender pat searches do not violate constitutional rights.

Plaintiff responds that he is not claiming that prison guards may not conduct random searches, nor is he claiming that the mere fact that Defendant Newberry is of the opposite sex violates his rights. Rather, Plaintiff's claim is that the search was unreasonable.

Prisoners retain many constitutional rights, *Bell v. Wolfish*, 441 U.S. 520, 545 (1979), *Turner v. Safley*, 482 U.S. 78, 84 (1987), but some constitutional rights are necessarily limited due to considerations inherent in a penal system, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). In *Bell*, the Supreme Court considered the constitutionality of post-visitation inmate body cavity searches, and explained that the basic test for the constitutionality of a search that invades the integrity of an inmate's body is reasonableness:

In each case [the Fourth Amendment] requires a balancing of the need for the

> particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

*Bell*, 441 U.S. at 559 (citations omitted). The Supreme Court emphasized that prison officials are afforded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id*. at 547.

The Fourth Amendment imposes a standard of reasonableness upon the exercise of discretion by government officials, in order to protect the "privacy and security of individuals against arbitrary invasions." *Delaware v. Prouse*, 440 U.S. 648, 653-54 (1979) (citations omitted). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell*, 441 U.S. at 559.

Plaintiff's claim that the search was unreasonable and therefore a violation of his rights withstands Defendants' challenge.

With respect to Plaintiff's state law claims, Defendants argue that they are barred by the applicable statute of limitations. Defendants claim that Section 516.145 applies to Plaintiff's battery and negligence claims.

Section 516.145 provides that "all actions brought by an offender, as defined in section 217.010, RSMo, against the department of corrections or any entity or division thereof, or any employee or former employee for an act in an official capacity, or by the omission of an official duty" must be brought within one year of the event. Defendants claim that because the incident in question occurred on July 9, 2008, and this action was not commenced until May 13, 2009, the action is barred.

In opposition, Plaintiff argues that his claim against Defendant Newberry is that she was not acting within the scope of her employment, but that she exceeded the scope of her employment, and therefore, Section 516.145 does not apply. Defendants retort that this claim should be dismissed because Plaintiff "argues, without explanation, that Newberry's actions 'exceeded the scope of her employment.'" Defendants' argument ignores, or conveniently overlooks the purpose of a motion to dismiss in context with Rule 8 of the Federal Rules of Civil Procedure. The issue is not whether Plaintiff will ultimately prevail, either on the facts or with respect to the applicable statute of limitations, but whether Plaintiff has sufficiently pled the claim such that Defendants are on notice of the claims against them. The Complaint satisfies this requirement with respect to Plaintiff's claim that Defendant Newberry exceeded the scope of her employment when she conducted the pat search. The Motion on this ground will be denied.

Defendants also move to dismiss Plaintiff's Fourteenth Amendment claims of violations of Sections 217.405 and 217.410 of the Missouri Revised Statutes. Defendants argue that *under these statutes* Plaintiff cannot separately demonstrate that he was deprived of a liberty interest in order to state a claim.

The Fourteenth Amendment prohibits a deprivation of life, liberty, or property, without the due process of law. While it is true that the constitutional protections, which are encompassed by the Due Process Clause, do not abate at the time of imprisonment, see, *Hudson v. Palmer*, 468 U.S. 517, 539 (1984)(O'Connor, J., concurring), it is also true that "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995), quoting *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977), quoting, in turn, *Price v. Johnston*, 334 U.S. 266, 285 (1948).

In order to maintain an actionable procedural due process claim, an inmate must show that he has been deprived of some constitutionally protected liberty or property interest. See, *Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir.1997)( "A due process claim is cognizable only if there is a recognized liberty or property interest at stake."). In prisoner cases, a constitutionally protected liberty interest will arise only when the prisoner can show that he has suffered an "atypical and significant hardship * * * in

relation to the ordinary incidents of prison life," as contemplated in *Sandin v. Conner*, supra at 484 (holding that disciplinary segregated confinement of an inmate falls within expected parameters of prison life, and does not represent an "atypical and significant hardship," which would create a protected liberty interest).

The Eighth Circuit Court of Appeals has interpreted *Sandin*, as follows:

> *Sandin* concluded that the inmate had no liberty interest in avoiding the disciplinary confinement in issue in that case because that confinement did not present an atypical and significant deprivation in relation to the ordinary incidents of prison life. Therefore, the Due Process Clause is not implicated despite the mandatory nature of the rules relating to the imposition of disciplinary confinement. The Court stated that there are some deprivations, and not necessarily those so severe as to independently trigger due process protection, against which states could conceivably create a liberty interest. Those are deprivations which work such major disruptions in a prisoner's environment and life that they present dramatic departures from the basic conditions and ordinary incidents of prison sentences.

*Moorman v. Thalacker*, 83 F.3d 970, 972 (8th Cir.1996)(internal citations omitted) (holding that placing inmate in "the highest level of disciplinary detention" for fifteen (15) days, followed by 107 days of progressively less restricted disciplinary detention, was not a dramatic departure from the ordinary incidents of prison life).

Plaintiff can not establish an actionable due process claim with respect to these sections of the State Statute. The Sections of the Statute which Plaintiff claims violated

his Fourteenth Amendment due process rights do not give rise to a protect- able liberty interest in Plaintiff. The statutes require state actors to do certain things, but do not create a liberty interest for Plaintiff if the actions are not taken. *Meis v. Gunter*, 906 F.2d 364, 369 (8th Cir. 1990). Plaintiff argues that he has a protected liberty interest in being free from sexual assault and sexual harassment. These rights, however, are not implicated through these sections of the state statute. Plaintiff is mixing apples and oranges in this regard. Indeed, Plaintiff claims that such actions violated other rights under the Fourth and Eighth Amendments. There is simply no due process claim *vis a vis* Sections 217.405 and 217.410.

Insofar as Plaintiff challenges the processes that Defendant Newberry used in conducting the pat search, the claim must be dismissed. It is well-established that a prisoner has no Federal constitutional liberty interest in having prison officials follow prison regulations, see, *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003), and any allegation, that the Defendants failed to follow prison regulations, does not, in and of itself, state a claim for a Due Process violation. See, *Bonner v. Federal Bureau of Prisons*, 196 Fed.Appx. 447, 448 (8th Cir.2006)(prisoner failed to state constitutional claim when he did not challenge constitutionality of prison regulations, but only the manner in which the regulations were followed by prison officials); *McClinton v. Arkansas Dept. of Correction*, 166 Fed.Appx. 260, 260-61 ("[A]ny contention that

defendants failed to follow prison policy does not by itself state a claim."), citing *Kennedy v. Blankenship* supra at 643 ("If [the plaintiff] has a liberty interest, it is an interest in the nature of his confinement, not an interest in the procedures by which the state believes it can best determine how he should be confined."). Accordingly, to the extent that Plaintiff alleges that the Defendants violated the procedures prescribed by the prison's own rules for conducting the pat search, Plaintiff fails to state a cause of action.

## Conclusion

The Complaint against Defendant Boesing in his official capacity is dismissed. Plaintiff's Complaint fails to state a claim for violations of his Fourteenth Amendment Due Process rights based on §§ 217.405 and 217.010 RSMo. Plaintiff's Complaint also fails to state a cause of action based on Defendant's alleged failure to follow prison regulations. Plaintiff's Complaint, however withstands Defendants' 12(b)(6) challenge in all other respects.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Partial Dismissal,

[Doc. No. 10], is granted in part and denied in part.

Dated this 15th day of April, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE