UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:09CV753 HEA |
| ) | |
| BRYAN BOESING, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court Defendants Bryan Boesing and Lori Newberry's Motion for Summary Judgment, [Doc. No. 37]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is is granted in part and denied in part.

## Background

Plaintiff brought this action under 42 U.S.C. § 1983, alleging violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff's Complaint also included state law claims of negligence and battery, and violations of state criminal law. The complaint seeks monetary, injunctive and declaratory relief. On April 15, 2010, Defendants' Motion for Partial Dismissal was granted in part and denied in part. The Court granted the Motion as to Plaintiff's claim against Defendant Boesing in his official capacity, Plaintiff's Fourteenth Amendment and state due process claims and Plaintiff's claims against Defendant

Newberry's alleged failure to follow prison regulations regarding pat searches. The claims which remain are Plaintiff's Fourth Amendment claim, as well as the state law claims of negligence and battery against Defendant Newberry, and an Eighth Amendment retaliation claim against Defendant Boesing.

Plaintiff alleges that Defendant Newberry conducted an improper pat search of Plaintiff and that Defendant Boesing failed to allow him to report the improper pat search and placed Plaintiff in administrative segregation after Plaintiff stated that he wished to file a grievance regarding the search.

Defendants now move for summary judgment, arguing that they are entitled to qualified immunity, or alternatively, that there exist no genuine issues of material fact, and therefore, they are entitled to judgment as a matter of law.

## Discussion

### Summary Judgment Standard

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.*, 459 F.3d 918, 921 (8th Cir. 2006). The moving party has the burden to establish both the

absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs.*

*Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197, 3 (8th Cir. 2008).

**Fourth Amendment Claim**

As the Court articulated in its April 15, 2010 Opinion, prisoners retain many constitutional rights, *Bell v. Wolfish*, 441 U.S. 520, 545 (1979), *Turner v. Safley*, 482 U.S. 78, 84 (1987), but some constitutional rights are necessarily limited due to considerations inherent in a penal system, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). In *Bell*, the Supreme Court considered the constitutionality of post-visitation inmate body cavity searches, and explained that the basic test for the constitutionality of a search that invades the integrity of an inmate's body is reasonableness:

> In each case [the Fourth Amendment] requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.

*Bell*, 441 U.S. at 559 (citations omitted). The Supreme Court emphasized that prison officials are afforded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id*. at 547.

The Fourth Amendment imposes a standard of reasonableness upon the exercise of discretion by government officials, in order to protect the "privacy and security of individuals against arbitrary invasions." *Delaware v. Prouse*, 440 U.S.

648, 653-54 (1979) (citations omitted). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails." *Bell*, 441 U.S. at 559.

Plaintiff claims that Defendant Newberry used "an open hand faced in toward [his] body, in order to conduct the cross-gender pat search"; that she "ran her hands up the inner thigh of [his] legs"; that her "hands came into contact with [his] groin region and genitals"; that Defendant Newberry 'used the finger of her hand to cuff, grab and manipulate [his] genitals"; and that Defendant used her hands to grab and manipulate [his] buttocks. Plaintiff alleges that Defendant Newberry's actions were deliberate and intentional.

Assuming the truth of Plaintiff's description of the search, no genuine issues of material fact exist which preclude entry of summary judgment in favor of Defendant Newberry. There is no allegation of a strip search or body cavity search in this case. *Cf. Bell*, 441 U.S. at 558. A pat-down search is by definition of short duration and minimal intrusiveness, in spite of the fact that some incidental touching of anal and genital areas may occur. *Timm v. Gunter*, 917 F2d 1093, 1100 (8th Cir. 1990); *Tarpley v. Stepps*, 2007 WL844826 *5 (E.D. Mo. 2007). Plaintiff was searched in an open area as part of a routine search during inmates' movement from the housing unit

to the open recreational area. Random pat searches during movement are justified and consistent with penological objectives and security concerns.

Having considered the *Bell* factors, the Court concludes that Defendant Newberry is entitled to judgment as a matter of law on Plaintiff's Fourth Amendment claim.[1]

**Negligence and Battery Claims**

---

[1] Likewise, no Eighth Amendment claim exists against Defendant Newberry. Federal courts have held that isolated incidents of inappropriate conduct by prison officials do not constitute a constitutional violation. See *Boxer X v. Harris*, 437 F.3d 1107 (11th Cir.2006) (a female prison guard's alleged solicitation of a male prisoner's manual masturbation, even under the threat of reprisal, did not support an eighth amendment violation); *Washington v. Harris*, 186 Fed. Appx. 865, *1 (11th Cir.2006) (unpublished op.) (inmate failed to state eighth amendment claim where prison guard "crept up behind [the prisoner inmate] while he was working," grabbed his genitals, kissed him on the mouth, and threatened to perform oral sex on him); *Jackson v. Madery*, 158 Fed. Appx. 656 (6th Cir.2005) (unpublished op.) (allegation of rubbing and grabbing a prisoner's buttocks in a degrading manner was insufficient to establish an eighth amendment violation); *Boddie v. Schnieder*, 105 F.3d 857, 961 (2nd Cir.1997) (verbal harassment and fondling of inmate's genitals by prison guard did not establish an eighth amendment violation); *Williams v. Anderson*, 2004 WL 2282927 (D.Kan. Sep.7, 2004) (no eighth amendment violation where prison guard grabbed pre-trial detainee's buttocks, exposed his genitals to the inmate plaintiff, and made crude sexual remarks); and *Jones v. Culinary Manager II*, 30 F.Supp.2d 491, 493, 497-98 (E.D.Pa.1998) (plaintiff inmate's allegation that prison guard pinned plaintiff down, ground his pelvis against plaintiff's buttocks, and threatened sex was not sufficient to establish an eighth amendment violation); *Maxwell v. Talley,* 2010 WL 3270757, *2 (E.D.Ark.,2010).

"Under Missouri law, to establish a claim for negligence, a plaintiff must prove three principal elements: '(1) the existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) a failure of the defendant to perform that duty, and (3) an injury proximately caused by the defendant's failure.' *Blevens v. Holcomb*, 469 F.3d 692, 694 (8th Cir.2006)." *Howard v. Missouri Bone and Joint Center, Inc*. 615 F.3d 991, 996 (8th Cir. 2010).

A battery under Missouri law is an intended, offensive bodily contact with another. *Geiger v. Bowersox*, 974 S.W.2d 513, 516 (Mo.App. 1998); *Amandou v. Kansas City Police Dept.*, 2007WL2873515, * 2 (W.D. Mo. 2007).

Although Defendant Newberry's affidavit asserts that she did not inappropriately touch or fondle any part of Plaintiff's body, Plaintiff contends that she did, and that her actions were intentional. Defendant's self-serving affidavit cannot overcome the issue of fact that must be resolved by the trier of fact. Accordingly, summary judgment is not appropriate.

**First Amendment Retaliation Claim**

Plaintiff claims that Defendant Boesing recommended to Defendant Newberry that she file a written conduct report against Plaintiff. Further, Plaintiff claims that Defendants Newberry and Boesing retaliated against Plaintiff for exercising his constitutional right to report the sexual abuse by Defendant Newberry by writing false

disciplinary reports against him.

It is well settled that prison officials cannot "impose a disciplinary sanction against a prisoner in retaliation for the prisoner's exercise of his constitutional right." *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir.2007). To establish a *prima facie* case of retaliatory discipline, an inmate must show that: "(1) the prisoner exercised a constitutionally protected right; (2) prison officials disciplined the prisoner; and (3) exercising the right was the motivation for the discipline." *Id*.

Defendant Boesing has presented his affidavit that the disciplinary reports were created because of Plaintiff's actual violation of prison rules. Boesing's affidavit further avers that during the conduct violation interview, Plaintiff interrupted him, became argumentative, and spoke sarcastically and disrespectfully to Defendant Boesing. Plaintiff fails to controvert this affidavit with any admissible evidence otherwise. Plaintiff merely states that Defendant Boesing's actions were in retaliation for reporting Defendant Newberry's conduct. Merely alleging that an act was performed in retaliation for exercising a right to file a grievance is insufficient to overcome Defendant's challenge. *Meuir*, 487 F.3d at 1119. A defendant may successfully defend a retaliatory discipline claim by showing "some evidence" of an actual rule violation by the inmate. *Hatfield v. Nichols*, 511 F.3d 826, 829 (8th Cir.

2008.  Defendant Boesing has presented evidence that Plaintiff actually committed the rule violation for which he received the conduct violation report, *i.e.*, creating a disturbance and disobeying an order during the conduct violation interview.  As such, Defendant Boesing is entitled to judgment as a matter of law with respect to Plaintiff's retaliation claim.

## Conclusion

Defendants Newberry and Boesing are entitled to judgment as a matter of law, as discussed herein, on Plaintiff's constitutional claims.  Defendant Newberry's motion for summary judgment on the state law claims of negligence and battery are denied, as there exists genuine issues of material fact regarding those claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment, [Doc. No.  37], is granted in part and denied in part.

**IT IS FURTHER ORDERED** that judgment in favor of Defendants and against Plaintiff on the constitutional claims will be entered upon the resolution of the remaining claims.

Dated this 15th day of August, 2011.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE