UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   4:09CV753  HEA |
| | ) | |
| BRYAN BOESING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court Defendant Lori Newberry's[1] Supplemental

Motion for Summary Judgment, [Doc. No. 79].  Plaintiff opposes the Motion.  For the

reasons set forth below, the Motion is granted.

## Background

Plaintiff brought this action under 42 U.S.C. § 1983, alleging violation of

Plaintiff's Fourth, Eighth and Fourteenth Amendments to the United States

Constitution.  Plaintiff's Complaint also included state law claims of negligence and

battery, and violations of state criminal law.  The complaint seeks monetary,

injunctive and declaratory relief.  On April 15, 2010, Defendants' Motion for Partial

Dismissal was granted in part and denied in part.  The Court granted the Motion as to

---

[1] Since the filing of this action, Defendant Newberry's name has changed to Pyland.  For
clarity purposes, the Court will continue to use Defendant's previous name.

Plaintiff's claim against Defendant Boesing in his official capacity, Plaintiff's

Fourteenth Amendment and state due process claims and Plaintiff's claims against

Defendant Newberry's alleged failure to follow prison regulations regarding pat

searches.  On August 15, 2011, the Court granted Defendants' Motion for Summary

Judgment with respect to Plaintiff's Fourth and Eighth Amendment claims.  The

claims which remain are Plaintiff's state law claims of negligence and battery against

Defendant Newberry.  These claims are the claims for which Defendant now seeks

summary judgment.

## Discussion

### Summary Judgment Standard

The standard for summary judgment is well settled.  In determining whether

summary judgment should issue, the Court must view the facts and inferences from

the facts in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus.*

*Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Woods v. DaimlerChrysler*

*Corp.,* 409 F.3d 984, 990 (8th Cir. 2005); *Littrell v. City of Kansas City, Mo.,* 459

F.3d 918, 921 (8th Cir. 2006).  The moving party has the burden to establish both the

absence of a genuine issue of material fact and that it is entitled to judgment as a

matter of law.  Fed.R.Civ.P. 56(c);  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v.*

*Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this

burden, the nonmoving party may not rest on the allegations in his pleadings but by

affidavit or other evidence must set forth specific facts showing that a genuine issue

of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell ,* 459

F.3d at 921. "The party opposing summary judgment may not rest on the allegations

in its pleadings; it must 'set forth specific facts showing that there is a genuine issue

for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006)

(quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome

of the suit under the governing law will properly preclude the entry of summary

judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v.*

*Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a

reasonable jury could return a verdict for the nonmoving party" on the question.

*Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for

summary judgment, the "nonmoving party must 'substantiate his allegations with

sufficient probative evidence [that] would permit a finding in [his] favor based on

more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs.*

*Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health*

*System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to

unsupported self-serving allegations, but must substantiate allegations with sufficient

probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197, 3 (8th Cir. 2008).

Defendant Newberry moves for summary judgment based on the official immunity and the public duty doctrines.

Official immunity is a doctrine that shields public employees from liability for acts of negligence during the course of their official duties in the performance of

discretionary acts.  *McCormack v. Douglas,* 328 S.W.3d 446, 449 (Mo.App.2010)

(citation omitted).  "Official immunity is intended to provide protection for individual

government actors who, despite limited resources and imperfect information, must

exercise judgment in the performance of their duties."  *Southers v. City of*

*Farmington,* 263 S.W.3d 603, 611 (Mo.2008) (citation omitted).  "Its goal is also to

permit public employees to make judgments affecting public safety and welfare

without concerns about possible personal liability."  *Id.*

The official immunity doctrine "does not provide public employees immunity

for acts committed when acting in a ministerial capacity."  *Boever v. Special School*

*Dist. of St. Louis County,* 296 S.W.3d 487, 492 (Mo.App.2009) (*quoting Southers,*

263 S.W.3d at 610).  A ministerial function is one "of a clerical nature which a public

officer is required to perform upon a given state of facts, in a prescribed manner, in

obedience to the mandate of legal authority, without regard to his own judgment or

opinion concerning the propriety of the act to be performed."  *Southers,* 263 S.W.3d

at 610 (citation omitted).  The reference to "the mandate of legal authority" is a

reference to a duty imposed by statute or regulation.  *Boever,* 296 S.W.3d at 492.

The decision as to whether a public official's acts are discretionary or

ministerial must be determined by the facts of each particular case after weighing

such factors as the nature of the official's duties, the extent to which the acts involve

policymaking or the exercise of professional expertise and judgment, and the likely

consequences of withholding immunity. *Kanagawa v. State by and through*

*Freeman,* 685 S.W.2d 831, 836 (Mo banc 1985), overruled on other grounds by

*Alexander v. State*, 756 S.W.2d 539 (Mo. banc 1988)).

"The official immunity doctrine provides that public officials, 'acting within

the scope of their authority are not liable for injuries arising from their discretionary

acts or omissions, but they may be held liable for torts committed when acting in a

ministerial capacity.'" *Vaughn v. Logsdon,* 2006 WL 1766556, *5 (W.D.Mo.2006)

(slip op.), *citing Kanagawa,* 685 S.W.2d at 835. The official immunity doctrine

applies to allegations of negligent acts by police officers acting in their official

capacity. *Green v. Denison,* 738 S.W.2d 861, 865 (Mo. banc 1987), *abrogated on*

*other grounds by Davis v. Lambert St. Louis Int'l Airport,* 193 S.W.3d 760, 763

(Mo.banc).

The Missouri Court of Appeals has explained what distinguishes ministerial

acts from discretionary acts:

> Whether an act can be characterized as discretionary depends upon the
> degree of reason and judgment required. It has been said that a
> discretionary act requires "the exercise of reason in the adaption of
> means to an end and discretion in determining how or whether an act
> should be done or course pursued." ... A ministerial function, in contrast,
> is one "of a clerical nature which a public officer is required to perform
> upon a given state of facts, in a prescribed manner, in obedience to the

mandate of legal authority, without regard to his own judgment or
opinion concerning the propriety of the act to be performed."

*Hagedorn v. Adams,* 854 S.W.2d 470, 476 (Mo.Ct.App.1993), *citing Kanagawa,* 685

S.W.2d at 836.

The public duty doctrine holds that a public employee is not liable to an

individual for injuries resulting from a breach of duty the employee owes only to the

general public. *Brown v. Tate,* 888 S.W.2d 413, 416 (Mo.Ct.App.1994). "A citizen

has no cause of action for injuries sustained as the result of an alleged breach of

public duty to the community as a whole." *Christine H. v. Derby Liquor Store,* 703

S.W.2d 87, 89 (Mo.Ct.App.1985). "The kind of duty owed to the public at large,

rather than the individual injured, is the kind that requires the public official to use

his professional expertise, training, and judgment; it is not sufficient that the public

official be acting within the scope of his employment." *Davis-Bey v. Missouri Dept.*

*of Correction,* 944 S.W .2d 294, 298 (Mo.Ct.App.1997).

Defendant's random pat search clearly falls within realm of the discretionary

acts. Performing random pat searches involves a balancing of the need for

institutional security and inmate personal rights and privacy. The extent of the pat

searches entails limited intrusion and short duration, which is coupled with the

overriding policy considerations. Consequently, the searches are not ministerial and

Defendant is therefore entitled to official immunity from any minimal, incidental touching of genital areas. *Timm v. Gunter*, 917 F.2d 1093, 1100 (8th Cir. 1990); *Tarpley v. Stepps*, 2007 WL 844826.

Likewise, with respect to the public duty doctrine, Defendant's actions were performed pursuant to a duty she owed to the general public, *i.e.*, the safety and control at the correctional institution. Under *Brown*, *supra*, the official immunity and public duty doctrines "merge [to] produce the same result," 888 S.W.2d at 416.

## Conclusion

Defendants Newberry is entitled to judgment as a matter of law, as discussed herein, on Plaintiff's state claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 79], is **GRANTED**.

A separate judgment is entered this same date on all claims

Dated this 24th day of April, 2012.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE